Dear Mr. Hughes:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion regarding the validity of two appraisals of a four acre unimproved tract of land in West Feliciana Parish which the West Feliciana Parish Police Jury proposes to acquire for use as a sewerage treatment facility.
Article VI, § 23 of the Louisiana Constitution authorizes political subdivisions to acquire property. It provides:
 Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise.
When a political subdivision purchases property with a value greater than $3,000.00, La.R.S. 33:4712.10 requires an appraisal:
 Notwithstanding any other provision of law to the contrary, no political subdivision shall purchase immovable property with a value greater than three thousand dollars unless prior to such purchase the property has been appraised by a qualified appraiser. No such appraisal shall include the value of improvements proposed to be made to the property after purchase by the political subdivision.
The purchase of immovable property for a price that exceeds the appraised value of the property would be tantamount to a donation of public funds; and therefore, a violation of Article VII, § 14(A) of the 1974 Constitution. La. Atty. Gen. Op. Nos. 99-251, 89-581. *Page 2 
In addition to your opinion request, you submitted two appraisals on the four acre unimproved tract of land in West Feliciana Parish. The first appraisal, obtained by the West Feliciana Parish Police Jury, estimates the fair market value of the four acre tract at $50,000.00. The second appraisal, obtained by the seller of the property, estimates the tract's fair market value at $116,0000.00 ($66,000 higher than the first appraisal). Your office questions whether the higher appraisal is acceptable in placing a value on the property for purposes of purchase by the West Feliciana Parish Police Jury.
The first appraisal was prepared using the sales comparison approach.[1] This approach considers sales of properties similar to the subject property which have sold within a reasonable time and compares them to the subject property, making adjustments for any negative and/or superior characteristics of the property. Thirteen properties were considered in determining the value of this appraisal, which was $50,000.00.
The second appraisal, which valued the four acre tract at $116,000.00, did not use the sales comparison approach (used in the first appraisal) because "subdivisions of this type are not typically sold as a total property, but rather individual lots to builders or potential home owners."[2] Instead, the appraiser used the "subdivision development method," stating it is the "method of estimating land value when subdivision and development are the highest and best use of the parcel of land being appraised,"[3] and found the total value "as complete" to be $1,015,000.00. Then, using the "residual land value calculation," the appraiser deducted from the total value a ten percent profit margin and $550,000 in subdivision development costs and thereby determined the value per acre to be $29,000. Based on that figure, the cost of the four acre tract the police jury plans to buy would be $116,000.00.[4]
Our concern with the second appraisal is that it is calculated based on the assumption that the property would be divided and sold to develop a subdivision (i.e., the appraiser took into consideration profit for the developer and subdivision development costs in determining the value of the land). This assumption requires the appraiser to consider improvements to the property which would be made to the remainder of the property after the police jury bought the four acre plot and is not based on the value of the property in its current, unimproved condition. This violates La.R.S. 33:4712.10, which clearly provides that "no such *Page 3 
appraisal shall include the value of improvements proposed to be made to the property after purchase by the political subdivision."
La.R.S. 33:4712.10 notwithstanding, the second appraisal would not be acceptable for determining the fair market value of the land because it is calculated based on the assumption that the anticipated improvements have been made. It is not, therefore, an appraisal of the fair market value of the land in its current state. To pay anything above the current fair market value is prohibited by Article VII, § 14(A) of the 1974 Constitution.
Accordingly, it is the opinion of this office that the appraisal obtained by the seller of the four acre unimproved tract of land in West Feliciana Parish cannot be used to determine the fair market value of the land because it includes the value of improvements proposed to be made to the property after purchase by the police jury in violation of La.R.S. 33:4712.10.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY:__________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt
[1] This appraisal did not use the cost approach or the income approach, stating both were "not applicable in arriving at an estimate of market value since the subject property is to be appraised as vacant land with no values to be placed to improvements."
[2] New Jerusalem Estates, Appraisal for Ms. Lula M. London, p. 42.
[3] New Jerusalem Estates, Appraisal for Ms. Lula M. London, p. 43.
[4] To see a more detailed explanation of the appraiser's calculations, see New Jerusalem Estates, Appraisal for Ms. Lula M. London, p. 54.